## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
**2:55 pm, Jul 23, 2025**
**JEFFREY P. COLWELL, CLERK**

Civil Action No.   25-CV-01948-RTG
*(To be supplied by the court)*

NICHOLAS LEE SHAULEY, Plaintiff

v.

**Jury Trial requested:**
**(Please check one)**
☒ **Yes** ☐ **No**

ANDRE STANCIL, Executive Director Colorado Dept. of Corrections, JANET SMITH, ADA / AIC Coordinator, STEPHANIE ARAGON, GARY BENAVIDZ, GEOFFREY CALLOWAY, PAMELA DANG, RYAN FISHER, CHRISTINE GENNETTA, MARSHALL GRIFFITH, LAVELLE A. HOLLOWAY, IRENE KINARD, JOSHUA LESSAR, JUSTIN MCBRIDE, JESSICA NOKES, KYLE ROBERTS, JULIE RUSSELL, JANET SMITH, ANDRE STANCIL, SHANE STUCKER, CASEY WARNER, JAKE R. PETERSEN, UNKNOWN SUPERVISOR OF JANET SMITH, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write, "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

### PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

### A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

**Nicholas Lee Shauley #56285**
**F.C.F.**
**P.O. Box 999 Canon City, CO 81215-0999**
 *(Name, prisoner identification number, and complete mailing address)*

**N/A**

*(Other names by which you have been known)*
*Indicate whether you are a prisoner or other confined person as follows: (check one)*

☐        Pretrial detainee

☐     Civilly committed detainee
☐     Immigration detainee
☒     **Convicted and sentenced state prisoner**
☐     Convicted and sentenced federal prisoner
☐     Other: (Please explain)

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

**Defendant 1.**    Andre Stancil, Executive Director Colorado Dept. of Corrections

*(Name, job title, and complete mailing address)*

1250 Academy Park Loop Colorado Spring, CO 80910

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes* ☐ *No (check one). Briefly explain:*

He fails supervise, enforce, discipline CDOC employees for violating Prisoner rights, and has conspired

with other employees to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 1 is being sued in his/her* ☒ *individual and/or* ☒ *official capacity.*

**Defendant 2.**    Janet Smith #16460, ADA / AIC Coordinator

*(Name, job title, and complete mailing address)*

1250 Academy Park Loop Colorado Spring, CO 80910

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes* ☐ *No (check one). Briefly explain:*

She avoids dealing with issues brought to her attention via the grievance system, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 2 is being sued in his/her* ☒ *individual and/or* ☒ *official capacity.*

**Defendant 3.**    Unknown Supervisor of Janet Smith

*(Name, job title, and complete mailing address)*

1250 Academy Park Loop Colorado Spring, CO 80910

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes* ☐ *No (check one). Briefly explain:*

Unknown supervisor of Janet Smith fails supervise, enforce, discipline CDOC employees for violating

Prisoner rights, and has conspired with other employees to deny Prisoners in CDOC custody their

constitutional and statutory rights.

*Defendant 3 is being sued in his/her* ☒ *individual and/or* ☒ *official capacity.*

**Defendant 4.**     Julie Russell #5821, CDOC Legal Services

*(Name, job title, and complete mailing address)*

   1250 Academy Park Loop Colorado Spring, CO 80910

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes* ☐ *No (check one). Briefly explain:*

She avoids dealing with issues brought to his attention via the grievance system, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 4 is being sued in his/her* ☒ *individual and/or* ☒ *official capacity.*

**Defendant 5.**     Marshall Griffith #14298, CDOC Legal Services

*(Name, job title, and complete mailing address)*

   1250 Academy Park Loop Colorado Spring, CO 80910

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes* ☐ *No (check one). Briefly explain:*

He avoids dealing with issues brought to his attention via the grievance system, and fails supervise, enforce,

discipline CDOC employees for violating Prisoner rights, and has conspired with other employees to deny

Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 5 is being sued in his/her* ☒ *individual and/or* ☒ *official capacity.*

**Defendant 6.**     Shane Stucker, Warden, at F.C.F.

*(Name, job title, and complete mailing address)*

   P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes* ☐ *No (check one). Briefly explain:*

He avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 6 is being sued in his/her* ☒ *individual and/or* ☒ *official capacity.*

**Defendant 7.**     Casey Warner #5281, Major, AIC Supervisor, at F.C.F.

*(Name, job title, and complete mailing address)*

   P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes* ☐ *No (check one). Briefly explain:*

He avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

3

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 7 is being sued in his/her ☒ individual and/or ☒ official capacity.*

**Defendant 8.**    Jessica Nokes #23862, ADA Services Admin at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ☐ No (check one). Briefly explain:*

She avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise, enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 8 is being sued in his/her ☒ individual and/or ☒ official capacity.*

**Defendant 9.**    Gary Benavidz #19915, ADA coordinator at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ☐ No (check one). Briefly explain:*

He avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise, enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 9 is being sued in his/her ☒ individual and/or ☒ official capacity.*

**Defendant 10.**    Stephanie Aragon #20339, Nurse 3 at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ☐ No (check one). Briefly explain:*

She avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise, enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 10 is being sued in his/her ☒ individual and/or ☒ official capacity.*

**Defendant 11.**    Lavelle A. Holloway #20358, Captain at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes*
☐ *No (check one). Briefly explain:*

He avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 11 is being sued in his/her* ☒ *individual and/or* ☒ *official capacity.*

**Defendant 12.**    Pamela Dang #18752, Nurse 3 at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes*
☐ *No (check one). Briefly explain:*

She avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 12 is being sued in his/her* ☒ *individual and/or* ☒ *official capacity.*

**Defendant 13.**    Geoffrey Calloway #32401, Former HSA at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes*
☐ *No (check one). Briefly explain:*

He avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 13 is being sued in his/her* ☒ *individual and/or* ☒ *official capacity.*

**Defendant 14.**    Justin McBride #11735, Major at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?* ☒ *Yes*
☐ *No (check one). Briefly explain:*

He avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

5

*Defendant 14 is being sued in his/her ☒ individual and/or ☒ official capacity.*

### Defendant 15.    Ryan Fisher #13746, unknown employee at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ☐ No (check one). Briefly explain:*

He avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 15 is being sued in his/her ☒ individual and/or ☒ official capacity.*

### Defendant 16.    Christine Gennetta #8010, Former HSA at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ☐ No (check one). Briefly explain:*

She avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 16 is being sued in his/her ☒ individual and/or ☒ official capacity.*

### Defendant 17.    Irene Kinard #17168, ACA administrator at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ☐ No (check one). Briefly explain:*

She avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 17 is being sued in his/her ☒ individual and/or ☒ official capacity.*

### Defendant 18.    Joshua Lessar #14218, unknown employee at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ☐ No (check one). Briefly explain:*

6

He avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 18 is being sued in his/her ☒ individual and/or ☒ official capacity.*

### Defendant 19.    Kyle Roberts #2440, unknown employee at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ☐ No (check one). Briefly explain:*

He avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights.

*Defendant 19 is being sued in his/her ☒ individual and/or ☒ official capacity.*

### Defendant 20.    Jake R. Petersen #29370, Sergeant at F.C.F.

*(Name, job title, and complete mailing address)*

P.O. Box 999 Canon City, CO 81215-0999

*At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ☒ Yes ☐ No (check one). Briefly explain:*

He avoids dealing with issues brought to his attention via the grievance system, or mail, and fails supervise,

enforce, discipline CDOC employees for violating Prisoner rights, and has conspired with other employees

to deny Prisoners in CDOC custody their constitutional and statutory rights. He also attacked Mr. Shauley

as a form of intimidation and revenge for daring to question him about his ignoring the memo presented.

*Defendant 20 is being sued in his/her ☒ individual and/or ☒ official capacity.*

### C. JURISDICTION
*Indicate the federal legal basis for your claim(s): (check all that apply)*

☒　　　State/Local Official (42 U.S.C. § 1983)

☐　　　Federal Official

　　　As to the federal official, are you seeking:

　　　☐ Money damages pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)

　　　☐ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

☒　　　Other: *(please identify)*

☒ Declaratory/Injunctive Relief.

In addition to monetary damages, the Civil Rights Act authorizes equitable remedies, such as injunctions. Injunctive relief is extremely useful in prison litigation, because the successful Prisoner-Plaintiff will usually remain in custody and thus will wish to prevent future deprivations of his or her constitutional rights.

☒ Money Damages.

The Supreme Court has stated that Congress did not intend "to abolish wholesale all common-law immunities" when it passed the Civil Rights Act.

**CDOC can be sued under The Colorado Governmental Immunity Act (CGIA)**, Colo. Rev. Stat. § 24-10-101 et seq. (1988), expressly provides that sovereign immunity is waived in an action for injuries resulting from a public entity's "operation" of any correctional facility. Colo. Rev. Stat. § 24-10-106(1)(b) (1988).

**The CGIA does not apply to claims based on federal civil rights violations**. Martinez v. El Paso County, 673 F. Supp. 1030 (D. Colo. 1987). The CGIA does not apply to claims for prospective relief to prevent future injury. Open Door Ministries v. Lipschuetz, 2016 CO 37M, 373 P.3d 575.

**D. STATEMENT OF CLAIM(S)**
*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

## CLAIM ONE: **BLIND PRISONER ISSUES**

CDOC and its employees (here after referred to as CDOC) are causing undue hardships on Mr. Shauley. This is considered cruel and unusual punishment under the Eighth Amendment clause of Constitution of the United States. This is intentional infliction of physical, mental, negligence, assault and battery, outrageous conduct, and civil conspiracy with respect to the employee's acts and omissions and emotional harm to Mr. Shauley.

CDOC failed to comply with the B.C.D., and based on the answers to both the Offender request for Accommodation and the Grievance process, CDOC is causing undue hardships on all Handicapped, Prisoners. CDOC realizing that it would lose these law suits for failing to comply with Title II of the

Americans with Disability Act (42 U.S.C. § 12131), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794), agreed to comply with the B.C.D.

Whenever Mr. Shauley pointed out that many provisions were not being complied with by CDOC, he was told that he did not qualify, or it does not apply, or even worse, that it does not apply to this facility. When Mr. Shauley filed grievances on the issues, he was denied yet again based on every reason under the sun, which is CDOC's usual response to grievances (deny, delay, or ignore, in hopes that it goes away.)

Instead of dealing with the issues, CDOC find reasons to deny the issues in hopes that they go away because CDOC knows that most Prisoners cannot or will not use the legal system to enforce their right. These actions have created "unsafe and hostile living conditions" for disabled Prisoners in the CDOC.

CDOC failed to comply with the B.C.D. this claim is based on the answers to both the Offender Request for Accommodation and the Grievance process.

The harm to Mr. Shauley comes from the fact that he cannot communicate with friends, family, or others in an independent, meaningful way because without a laptop to create his writings he has to use his hands that limits the amount of writing he can do at one time. Writing without a laptop causes long-lasting pain in his hands.

This causes server stress and physical pain to Mr. Shauley. It makes him have headaches, high blood pressure episodes, higher blood sugar levels, manic episodes, heart related issues including chest pain, muscle and joint pain, feelings of despair and hopelessness.

**Issue 1.**    **Ignoring the Blind Consent Decree**

CDOC elected to settle Case Number 21-CV-01100 and agreed to the "Blind Consent Decree" (B.C.D.). Then, CDOC just ignored what they agreed too, and is now doing whatever it wants when it comes to this Consent Decree.

Mr. Shauley thoroughly read the B.C.D. because he has vision issues that are covered by this decree. Mr. Shauley has used the Offender Request for Accommodation, the Prisoner kite system, and the Grievance process available to him in the CDOC with very little positive results.

CDOC seems to be treating the B.C.D. as a joke and refuse to do what they agreed to do to comply with Title II of the Americans with Disability Act (42 U.S.C. § 12131), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

9

**Issue 2.** **Refuse to Issue Laptops to Blind Prisoners**

CDOC, failed to comply with Section 4 (Accessible Materials made Available by CDOC) Parts a and b of the B.C.D. by refusing to issue Mr. Shauley a Laptop even though he is considered Blind and/or Print Disabled under Section 2 (Definitions) of the B.C.D.

This is ignoring the needs of Mr. Shauley. In addition, when CDOC approves a Laptop for a Prisoner, it does not provide a Printer/Scanner, within 30 days.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with a Laptop as required by the B.C.D. He was denied several times both in writing and in person by Janet Smith. Mr. Shauley was told that he does NOT meet the qualifications for a Laptop at this time because his vision can be corrected with surgery.

Mr. Shauley completed the cataract surgery that corrected his far-distance vision, but in the process, the surgery destroyed his near-vision to the point of it being reduced to 20/400. This clearly meets the requirements listed under Section 2 (Definitions) Part (h).

Mr. Shauley requested a laptop, among other things, to be able to do legal work. He was told that there are computers in the Law Library for this use. Yet, inmates are prohibited from writing legal letters and other things on these computers (Rule 8 of the CDOC Legal Access Program Word Processing Rules Agreement). Therefore, this is a complete misrepresentation of computer use in the Law Library. In addition, the Law Library is only available for two hours on Monday thru Friday, and is closed at least one of those days a well, if not more.

Mr. Shauley cannot contact friends, family, the courts, or even file grievances without help. This cause Mr. Shauley anxiety because of the type of case he was convicted of and he does not want others to know what he is communicating to others about his thoughts and concerns.

Mr. Shauley loves to write stories, yet since his vision has decreased, he has been unable to do this as a recreational activity any longer. Mr. Shauley needs the Laptop so that he can communicate correctly. It should be noted that Mr. Shauley also has hand disabilities, i.e. Nerve pain, arthritis, and lack of the ability to grip small objects, and can only do limited writing because of this issue. A Laptop would allow Mr. Shauley to lead a limited normal prison life. CDOC has created an "unsafe and hostile living conditions" for disabled Prisoners in the CDOC. Janet Smith, and others, refuse to accept that a near vision diagnosis of 20/400 is not blind.

**Issue 3.   Denying Priority Access Movement to Blind Prisoners**

CDOC is ignoring Section 13. (Navigation) both parts a, and b, of the B.C.D. at F.C.F. by not allowing Mr. Shauley to safely move around the facility.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with an accommodation so that he may leave before the pull too safely get to other locations throughout the facility due to his visual impairment.

Even though this is NOT an accommodation listed in the B.C.D., Mr. Shauley put in the request because F.C.F. does not do "Blind Priority" movement. Because of a Medical Memo from Christine Gennetta, dated 1-25-2024, titled "5 minute early pass holders." Therefore, to prevent issues with staff and other Prisoners Mr. Shauley requested that this accommodation be added to his accommodations list. This has caused a safety issue for all Blind Prisoners because they get pushed and shoved out of the way by other Prisoners who are rushing to get to where they are going with little or no regard for the Blind Prisoners safety. Both F.C.F. Medical and Janet Smith denied this accommodation request.

On 11-18-2024, Janet Smith sent Mr. Shauley a memo concerning his request for Accommodations. In this memo, she wrote:

"Blind offenders who use canes or a guide are permitted to leave early. You are in a full-time wheelchair and have an OCA to push you. You concerns regarding getting run into, jumped on, bumped, and knocked over have been sent to security staff to look into. This is not acceptable and a concern to anyone in a wheelchair."

Mr. Shauley received this memo on 11-22-2024 and provided copies to medical and F.C.F. security staff. However, Mr. Shauley is still being denied the ability to leave early. It should be noted that Janet Smith keep changing her mind about this issue. She now again says that the priority pull for Blind Prisoners is not allowed.

On 11-24-2024, Mr. Shauley was violently attacked by Sgt. Jake R. Petersen because an unknown nurse told him that Mr. Shauley and Mr. John R. Vigil #198459, and their OCAs, were not allowed to be out front waiting on Medline and to send them back to their unit. Mr. Shauley tried to show Sgt. Jake R. Petersen his memo but he refused to look at it and became aggressive towards Mr. Shauley. When Mr. Shauley asked to speak with either the Yard Sergeant or Shift Commander, Sgt. Jake R. Petersen attempted to grab Mr. Shauley's arm. Mr. Shauley pulled his arm away and Sgt. Jake R. Petersen then started jabbing

11

his knuckles into Mr. Shauley's Adams apple. Mr. Shauley told him to stop or he would knee him in the balls.

Another sergeant, Mr. Taylor, who knows Mr. Shauley, intervened to defuse the situation. Sgt. Taylor had to order Sgt. Jake R. Petersen to leave because he was escalating the situation. Sgt. Jake R. Petersen at first refused because Mr. Shauley made him look bad in front of his co-workers.

Mr. Shauley received a write-up for disobeying a law order and threats to staff all because F.C.F. refuses to follow the B.C.D.

On 11-25-2024, Security staff and shift commander, Scott Burnett, claims that Nurse 3 Pamela Dang said that this accommodation does not apply to F.C.F.

It should be noted that even though the accommodation was not provided, F.C.F. MUST allow visual impaired Prisoners to leave early. This is NOT an option. It is mandatory under the B.C.D. CDOC has created an "unsafe and hostile living conditions" for disabled Prisoners in the CDOC.

### Issue 4.    List of Pre-Approved Assistive Devices

CDOC has failed to follow Section 5 (Assistive Technology) Part (a) of the B.C.D. concerning "Preapproved list of Assistive Technology" and providing it to Prisoners upon request. CDOC will only provide a list of the Assistive Technology that is assigned to that Prisoner.

Mr. Shauley has requested several times for a full and complete list of all available accommodations so that he can see if there are other accommodations available that he is unaware of that will make his life easier and more independent.

Mr. Shauley has also taken it upon himself to help other Prisoners with ADA needs to apply for accommodations and this list will help both him and others. However, Mrs. Smith refuses to provide a full and complete list. Therefore, Mr. Shauley filed a grievance on this matter and he was provided a list of only his current accommodations. CDOC is hiding the available accommodations list for Prisoners so that the Prisoners will not ask for them.

### Issue 5.    Tablet Screens Too Small For Blind Prisoners

CDOC has failed to follow Section 5 (Assistive Technology) Part (c) of the B.C.D. concerning Tablets. The Tablets supplied to Prisoners are not useful to either Blind/Print Disabled or Deaf and Hard of Hearing individuals because the Tablets are only seven-inches, and most all of the items cannot be viewed in a

usable fashion.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with a larger screen Tablet and other accessories that are compatible with the tablet such as an HDMI cable so that it can connect to a TV, and he has been given the runaround. Mr. Shauley finally received answers to his accommodation requests with the response from Mrs. Smith, which said "CONTACTED SECURUS."

Securus has written to Mr. Shauley and stated that they DO NOT offer larger tablets or anything other than keyboards and microphone-headphones. Anything else need for the tablet must come from that ADA/AIC.

**Issue 6.   Cannot Make Phone Calls on the Tablets**

The Tablets supplied to Prisoners are not useful to Deaf and Hard of Hearing individuals because the Tablets are only come with ear buds, and most all of the Prisoners who are Deaf and Hard of Hearing have hearing aids and cannot use ear buds. This makes it impossible for these Prisoners to make telephone call on the Tablet.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with over the ear headphones so that he can make phone call while wearing his in-ear hearing aids and he has been given the runaround. Mr. Shauley finally received answers to his accommodation requests with the response from Mrs. Smith, which said "CONTACTED SECURUS."

Again, Securus has written to Mr. Shauley and stated that they are working on the issue, but that does nothing to help with contacting friends, family, and his lawyer via the tablet.

**Issue 7.   Tablets are Not Usable by Handicapped Prisoners**

The Tablets supplied to Prisoners are not useful to handicapped Prisoners that have hand mobility issues such as nerve damage or arthritis.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with other accessories that are compatible with the tablet, and he has been given the runaround. Mr. Shauley finally received answers to his accommodation requests with the response from Mrs. Smith, which said "CONTACTED SECURUS."

Mr. Shauley requested the following accessories to make his ability to use the CDOC supplied Tablet

13

usable by him;

- ➢ Larger screen size Tablet;
- ➢ Keyboard;
- ➢ Touch pen (stylus);
- ➢ Holding Stand;
- ➢ HDMI cable so that the Tablet can be connected to a TV to view movies and games;
- ➢ Headphones with a microphone that are "over the ear" so that Prisoners with hearing aids can use the phone on the tablet.

Mr. Shauley has spoken with the Securus staff and he was told that they do not have a contract with CDOC for larger Tablets, or other items other than keyboards. In addition, until such a contract is signed they will not provide larger Tablets or other devices to ADA Prisoners. Janet Smith informed Mr. Shauley that Securus does not provide accessories other than a keyboard and headphones. Yet the other items are needed by disabled Prisoners. However, Janet Smith refuses to provide the other accessories to Prisoners.

Securus has written to Mr. Shauley and stated that they DO NOT offer larger tablets or anything other than keyboards and microphone-headphones. Anything else need for the tablet must come from that ADA/AIC.

**Issue 8.    Getting EBooks Sent in to Prisoners**

CDOC has failed to follow Section 5 (Assistive Technology) Part (d) of the B.C.D. by not allowing Prisoners to have access to eBooks through interlibrary loan, library checkout, gifts from family and friends, etc. This severely limits the available reading material to Handicapped Prisoners.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with a the ability to receive audio books, eBooks, digital magazines, etc. from other sources than Colorado Talking Book Library (CTBL), and Securus because;

1. CTBL does not have all the books that are available in audio format that other services offer, such as Amazon.com and other companies.
2. The Securus eBook catalog only lists books that are available thru the "Gutenberg Project," which are only old books.
3. There are millions of digital books, magazines, and writings that are online that are of interest to Prisoners that they cannot get because there is no way to listen or view them.

Mr. Shauley's request was denied by Mrs. Smith and he filed a grievance that was denied even though CDOC's Director agreed that Prisoners would be able to receive these items when he agreed to the B.C.D.

This causes the Prisoners not to be able to read books that are no longer in, or never was, in print form.

CDOC claims that there are eBooks available on the Tablets, but these books are not current.

New and current information and education is vital to maintaining emotional equilibrium and help reduce both mental and physical stress. Mr. Shauley's stress level has caused him emotional pain from the fact that CDOC refuse to takes this ADA issue seriously and when Mr. Shauley is forced to file grievances on the ADA issues, he is retaliated against and punished via the write-up procedures. When Mr. Shauley uses the write-up system, his issues are ignored, and he is labeled as a "Trouble Maker" and harassed by staff.

**Issue 9.    Preferred Format - Other Aids and Services**

CDOC has failed to follow Section 3 (Ensuring Equal Access) Part (b) of the B.C.D. by not allowing Prisoners to choose their Preferred Accessible Format and other Auxiliary Aids and Services of the Blind Prisoner. Instead, CDOC chooses the items without consideration of the needs of the Prisoner. Even when the Prisoner locates an alternative item, the request is ignored.

CDOC also disregard the Prisoners choice of Assistive Technology they wish to use. As well, as refuse to allow Prisoners to choose an Assistive Technology that is not on their list, which they refuse to supply to prisoners.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with a page magnifier that is stronger than 2X. Mr. Shauley even located on Amazon.com a 10X+ page magnifier that would not only allow him to see printed test easier, but also was hands free. Mr. Shauley finally received an answer from Janet Smith who denied the request because it was considered a security threat. Then Mr. Shauley located on that was an easy-grip type, but she denied this on because they did not have the 29.99 in their budget to pay for the item.

**Issue 10.  Scanner/Printer for Laptops**

CDOC has failed to follow Section 5 (Assistive Technology) Part (b) of the B.C.D. in that CDOC refuses to provide Prisoners the Assistive Technology they need. In Mr. Shauley's case, at least one type of portable scanner/reader or pen scanner/reader.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with at least one type of portable scanner/reader or pen scanner/reader. Mr. Shauley requested a portable scanner/reader or pen scanner/reader, but it was denied.

15

**Issue 11. <u>Digital Voice Recorder</u>**

CDOC has failed to follow Section 5 (Assistive Technology) Part (b) of the B.C.D. in that CDOC refuses to provide Prisoners the Assistive Technology they need. In Mr. Shauley's case, a Digital recorder.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with a Digital recorder(s) so that he can take verbal notes since he has a hard time writing. Mr. Shauley requested a Digital recorder, but it was denied. Mr. Shauley has trouble using his hands and this device will help him take notes during activities such as schooling, case manager meetings, and other activities available to other Prisoners, but it was denied.

**Issue 12. <u>Headphones Issued</u>**

CDOC has failed to follow Section 5 (Assistive Technology) Part (b) of the B.C.D. in that CDOC refuses to provide Prisoners the Assistive Technology they need. In Mr. Shauley's case, Headphones compatible with any devices provided that offer audio capability.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with a set of Headphones compatible with the living unit TVs. Mr. Shauley requested that the headphones should be Bluetooth capable so that they can connect to the Pod's Bluetooth enabled TV's. Mr. Shauley request for Bluetooth headphones has been ignored.

**Issue 13. <u>Educational Books on Laptops</u>**

CDOC has failed to follow Section 8 (Education and Other Programming) Part (a) of the B.C.D. in that CDOC does not allow Educational Books on the Laptops for any reason.

Mr. Shauley spoke with Janet Smith in November of 2023 on a Zoom meeting with the chosen Expert Consultant about getting a Laptop, and Educational Books for his studies that are not printed, but come in only a digital (PDF) format.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with Educational Books on the Laptop as discussed on the Zoom meeting. Mr. Shauley's request was denied.

**Issue 14. <u>Educational Books on Audio</u>**

Mr. Shauley contacted the CTBL to see what educational audio books they offer. CTBL responded

16

that offer some Educational Books, but not in the subjects requested by Mr. Shauley. CTBL will provide Educational College Books only if you provide proof that the Prisoner is enrolled in a college course. There are other sources for Educational Audio Books by other venders, but CDOC will NOT allow Prisoners to get them from any source other than CTBL, which does not have them.

## Issue 15. **Educational Books in Large Print**

CDOC does not offer educational books in large print. Mr. Shauley spoke with Mrs. Smith in November of 2023 on a zoom meeting with the chosen Expert Consultant about getting a Laptop, and Educational Books for his studies that are not printed, but come in only a digital (PDF) format. Mrs. Smith said that she would printout any digital/PDF writings that Mr. Shauley wanted in Large Print free of charge.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting to be provided with Educational Books be printed in large print as discussed on the zoom meeting. To this day Mr. Shauley's request has been ignored.

## Issue 16. **Access to Administrative Regulations**

CDOC has limited access to the Administrative Regulations by only allowing Prisoners either access to them in the General Library or pay .25 cents per page for a paper copy. The General Library frequently has outdated copies of the Administrative Regulations and paying for them is excessively expensive for most Prisoners.

This limitation is detrimental to the Prisoners house in CDOC because they are required to know and follow the Administrative Regulations. This lack of availability to the Administrative Regulations put the Prisoner at a disadvantage since they are unable to make CDOC comply with their own Administrative Regulations.

## Issue 17. **ADA Settings on Legal Access Program Prisoner Computers**

Mr. Shauley is un-allowed to change the settings on the Law library computers because of the "CDOC Legal Access Program Word Processing Rules Agreement" rule number 17.

This rule prevents Mr. Shauley, and others, with disabilities to use the ADA settings on these computers because they are NOT turned on by default, but are accessible by the Prisoner to turn on from the main menu.

**Issue 18.  ADA Settings on other Prisoner Computers**

Mr. Shauley is unable to use the other Prisoner accessible computers in CDOC. This includes computers in the general library, and education. The reason for this is that the computers have the ADA accessible features disabled on them, and they are NOT available by the main menu because CDOC had those disabled.

**Issue 19.  Large Print Items Printed on Paper**

CDOC has failed to follow Section 2 (Definitions) Part (o) of the B.C.D. concerning Large Print when printing out items for Prisoners to view. This includes handouts, bulletin boards, etc.

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting that F.C.F. comply with the B.C.D. when posting information for Prisoners. Mr. Shauley filed a grievance on this issue as well.

To date F.C.F. still refuses to follow Section 2 (Definitions) Part (o) of the B.C.D. concerning Large Print when printing out items for Prisoners to view.

When Mr. Shauley disputes the charge for a missed medical appointment, he is told it your HIS fault that you did not show up for the appointment. He is also told that since he has an OCA that missing the appointment is his responsibility. Yet, Mr. Shauley's OCA lives in another building, and cannot always get to him due to facility reasons.

Mr. Shauley loses money off his Prisoner account to pay for medical appointments that would otherwise be used for other purposes such as phone calls and canteen.

**Issue 20.  Large Print Items on Prisoner TV Information Channels**

CDOC has failed to follow Section 2 (Definitions) Part (o) of the B.C.D. concerning Large Print when printing out items for Prisoners to view. This includes posted information on the "Prisoner Information TV Channels." As well as Section 4 (Accessible Materials made Available by CDOC) Part (f).

Mr. Shauley filled out form AR 750-04A – Offender request for Accommodation, requesting that F.C.F. comply with the B.C.D. when posting information for Prisoners on the information TV channels. Mr. Shauley filed a grievance on this issue as well. To date F.C.F. still refuses to follow Section 2 (Definitions) Part (o) of the B.C.D. concerning Large Print when displaying information on information TV channels.

18

**Issue 21. Outside Medical Trips**

CDOC has failed to follow Section 10 (Medical Privacy) of the B.C.D. in that CDOC, at F.C.F. does not offer this service because CDOC will not provide the proper equipment to Prisoners when they are taken to outside medical appointments.

**Issue 22. Court Trips**

CDOC has failed to allow Prisoners to take ADA devices to court hearings. Even though court hearings are not mentioned in the consent decrees, it only follows to reason that Prisoners should be allowed to have ADA devices at these important meetings, just like medical visits. F.C.F. does not offer this service because CDOC will not provide the proper equipment to Prisoners when they are taken to outside court hearings.

Mr. Shauley cannot see up close and needs to be able to use his digital magnifier when going on medical visits outside the facility. Yet, some transport officers will NOT allow him to take this device to with him because there is no accommodation listed for it to be taken on outside trips.

**Claim one is asserted against these Defendant(s):**

Aragon, Stephanie answered Grievance #C-FF23/24-00274485-1, and failed to follow the ADA guidelines and investigate ADA/Medical issues that are brought to her attention.

Benavidz, Gary answered Grievance #R-FF24/25-00276843-2, #A-FF24/25-00277085-1 #A-FF24/25-00277086-1, #A-FF24/25-00280300-1, and failed to investigate the grievances, and only finds ways to deny the issues.

Calloway, Geoffrey answered Grievance #C-FF23/24-00258479-2, failed to follow the ADA guidelines and investigate ADA issues that are brought to his attention.

Dang, Pamela answered Grievance #C-FF23/24-00274485-2, and failed to follow the ADA guidelines and investigate ADA/Medical issues that are brought to her attention.

Fisher, Ryan answered Grievance #C-FF23/24-00242581-1, failed to follow the ADA guidelines and investigate ADA issues that are brought to his attention.

Gennetta, Christine issued memo on "5 minute early pass holders." In addition, answered Grievance #C-FF23/24-00242581-2, and she failed to follow the ADA guidelines and investigate ADA/Medical issues that are brought to her attention.

Griffith, Marshall answered Grievance #A-FF23/24-00256520-3, #A-FF23/24-00258850-3, #A-FF23/24-00258851-3, #A-FF23/24-00258854-3, #A-FF23/24-00258865-3, #A-FF23/24-00259773-3, #A-FF24/25-00270160-3, #A-FF24/25-00270164-3, #A-FF24/25-00270165-3, #C-FF23/24-00242581-3, Grievance #C-FF23/24-00256518-3, #C-FF23/24-00258479-3, #R-FF24/25-002768433, and failed to investigate the step 3 grievances, and only finds

19

ways to deny the issues.

Holloway, Lavelle A. answered Grievance #A-FF23/24-00274300-1, and he failed to follow the ADA guidelines and investigate ADA issues that are brought to his attention.

Kinard, Irene answered Grievance #R-FF24/25-00276843-1, failed to follow the ADA guidelines and investigate ADA issues that are brought to her attention.

Lessar, Joshua answered Grievance #A-FF23/24-00259773-1, and he failed to follow the ADA guidelines and investigate ADA issues that are brought to his attention.

McBride, Justin answered Grievance #A-FF23/24-00274300-2, and failed to follow the ADA guidelines and investigate ADA issues that are brought to his attention.

Nokes, Jessica answered Grievance #R-FF23/24-00258359-1, and she failed to follow the ADA guidelines and investigate ADA issues that are brought to her attention.

Petersen, Jake R. who ignored the B.C.D. and attacked Mr. Shauley.

Roberts, Kyle answered Grievance #A-FF24/25-00270160-1, failed to follow the ADA guidelines and investigate ADA issues that are brought to his attention.

Russell, Julie answered Grievance #A-FF24/25-00277086, #A-FF24/25-00277085 and failed to investigate the step 3 grievances, and only finds ways to deny the issues.

Smith, Janet answered Grievance #A-CT23/24-00237874-1, #A-FF23/24-00256520-2, #A-FF23/24-00258850-2, #A-FF23/24-00258851-2, #A-FF23/24-00258854-2, #A-FF23/24-00258865-2, #A-FF23/24-00259773-2, #A-FF24/25-00270160-2, #A-FF24/25-00270164-2, #A-FF24/25-00270165-2, #A-FF24/25-00277085-2, #A-FF24/25-00277086-2, #C-FF23/24-00256518-2, #A-FF24/25-00280300-2, and failed to investigate the grievances, and only finds ways to deny the issues.

Stancil, Andre refuses to deal with his employees or even address the issues that are presented to him via the mail system.

Stucker, Shane refuses to deal with his employees or even address the issues that are presented to him via the mail system.

Unknown Supervisor of Janet Smith refuses to deal with any issues that arise when her employees fail to do their job or address any issues that are presented to him/her via the mail system.

Warner, Casey answered Grievance #A-FF23/24-00256520-1, #A-FF23/24-00258850-1, #A-FF23/24-00258851-1, #A-FF23/24-00258854-1, #A-FF23/24-00258865-1, #A-FF24/25-00270164-1, #A-FF24/25-00270165-1, #C-FF23/24-00256518-1, and he failed to follow the ADA guidelines and investigates ADA issues that are brought to his attention.

**Supporting facts:**

Mr. Shauley has used the Offender request for Accommodation, the Prisoner kite system, and

the Grievance process available to him in the CDOC with very little positive results.

**Issue 1.**       **Ignoring the Blind Consent Decree**

Blind Consent Decree

Grievance #A-FF23/24-00258850 (B.C.D. General)

Grievance #C-FF24/25-00268878 (Blind Needs Evaluation)

**Issue 2.**       **Refuse to Issue Laptops to Blind Prisoners**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-CT23/24-00237874 (Laptop, Large Print)

Grievance #A-FF23/24-00258850 (B.C.D. General)

Grievance #C-FF23/24-00242581 (Laptop, Large Print)

Grievance #C-FF23/24-00256518 (Laptop)

Grievance #C-FF23/24-00258479 (Laptop)

**Issue 3.**       **Denying Priority Access Movement to Blind Prisoners**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00256520 (Priority Access).

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF23/24-00258865 (Priority Access).

Grievance #A-FF23/24-00274300 (Jake Petersen).

Grievance #C-FF23/24-00274485 (Nurse Deny Priority Access).

Memo from Christine Gennetta.

Write-up concerning Jake R. Petersen's attack on Mr. Shauley.

**Issue 4.**       **List of Pre-Approved Assistive Devices**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF23/24-00258854 (Pre-Approved List).

**Issue 5.**       **Tablet Screens Too Small For Blind Prisoners**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF24/25-00270164 (B.C.D. Tablet Accessories).

Grievance #R-FF23/24-00258359 (Number of Phones).

**Issue 6.**       **Cannot Make Phone Calls on the Tablets**

AR 750-04A – Offender request for Accommodation forms

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF24/25-00270164 (B.C.D. Tablet Accessories).

**Issue 7.**     **Tablets are Not Usable by Handicapped Prisoners**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF24/25-00270164 (B.C.D. Tablet Accessories).

**Issue 8.**     **Getting EBooks Sent in to Prisoners**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF23/24-00259773 (EBooks).

Grievance #A-FF24/25-00280300 (EBooks from General Library).

**Issue 9.**     **Preferred Format - Other Aids and Services**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF23/24-00258854 (B.C.D. Preferred Accessible Format).

**Issue 10.**     **Scanner/Printer for Laptops**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF24/25-00270165 (B.C.D. Scanner, Digital Recorders, Headphones).

**Issue 11.**     **Digital Voice Recorder**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF23/24-00270165 (B.C.D. Scanner, Digital Recorders, Headphones).

**Issue 12.**     **Headphones Issued**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF23/24-00270165 (B.C.D. Scanner, Digital Recorders, Headphones).

**Issue 13.**     **Educational Books on Laptops**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

22

Grievance #A-FF23/24-00259773 (B.C.D. Educational Books).

**Issue 14.**     **Educational Books on Audio**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF23/24-00259773 (B.C.D. Educational Books).

**Issue 15.**     **Educational Books in Large Print**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF23/24-00259773 (B.C.D. Educational Books).

**Issue 16.**     **Access to Administrative Regulations**

Grievance #R-FF24/25-00276843 (AR's)

**Issue 17.**     **ADA Settings on Legal Access Program Prisoner Computers**

Blind Consent Decree.

Grievance #A-FF24/25-00277086 (ADA Access law lib.).

**Issue 18.**     **ADA Settings on  other Prisoner Computers**

Blind Consent Decree.

Grievance #A-FF24/25-00277085 (ADA Access Computers).

**Issue 19.**     **Large Print Items Printed on Paper**

Blind Consent Decree.

Grievance #A-FF23/24-00258850 (B.C.D. General).

**Issue 20.**     **Large Print Items on Prisoner TV Information Channels**

Blind Consent Decree.

Grievance #A-FF23/24-00258850 (B.C.D. General).

**Issue 21.**     **Outside Medical Trips**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF24/25-00270160 (B.C.D. Digital Magnifier).

**Issue 22.**     **Court Trips**

Blind Consent Decree.

AR 750-04A – Offender request for Accommodation forms.

Grievance #A-FF23/24-00258850 (B.C.D. General).

Grievance #A-FF24/25-00270160 (B.C.D. Digital Magnifier).

**E.  PREVIOUS LAWSUITS**

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ☐ Yes ☒ No (*check one*).

23

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): **N/A**
Docket number and court: **N/A**
Claims raised: **N/A**
Disposition: (is the case still pending? **N/A**
Has it been dismissed? **N/A** Was relief granted?) **N/A**
Reasons for dismissal, if dismissed: **N/A**
Result on appeal, if appealed: **N/A**

## F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

  ☒ Yes ☐ No (*check one*)

Did you exhaust administrative remedies?

  ☒ Yes ☐ No (*check one*)

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

### CLAIM 1. BLIND PRISONER ISSUES

 That CDOC be made to comply with both Title II of the Americans with Disability Act (42 U.S.C. §

12131), and Section 504 of the Rehabilitation Act (29 U.S.C. § 794) by:

### Issue 1. IGNORING THE BLIND CONSENT DECREE

 That CDOC be made to comply with the B.C.D. fully, as written, within 30 calendar days or pay Mr.

Shauley the amount of $1,000 for each day that CDOC is in non-compliance and for ignoring the B.C.D.

as applied to Mr. Shauley pay him $4,000,000.00 for his pain and suffering in addition to any other amounts

deemed appropriate by this Court.

### Issue 2. REFUSE TO ISSUE LAPTOPS TO BLIND PRISONERS

 That CDOC be made to comply with Section 4 (Accessible Materials made Available by CDOC) Parts

a and b of the B.C.D. and Supply Mr. Shauley, with a usable large screen Laptop within 30 calendar days

or pay Mr. Shauley the amount of $1,000 for each day that CDOC is in non-compliance.

 1. The Laptop will be supplied with, but not limited to;

  a A compatible mouse;

  b All cables, wires, plugs, and accessories including, but not limited to;

    c. Power supply;

    d. USB cables;

    e. Batteries;

    f. Carrying cases, (i.e. Laptop case, etc.);

2. The Laptop will be loaded with all Key Print Materials to permit the Prisoner Independent access to these items in a screen readable format.

3. Materials on the Laptop will be updated as necessary and will be available for use within the cell or Day Hall consistent with security protocols.

4. The Laptop will be available for use within other areas consistent with security protocols such as;

    a. Programs;

    b. Religious areas;

    c. Library;

    d. Educational;

    e. Classrooms;

    f. Authorized study areas;

    g. The Laptop will also be equipped with an accessible;

    h. eBook reader program;

    i. Typing tutorial program;

    j. Screen reader software;

    k. Talking book software;

    l. Office software;

    m. Word processing software;

    n. Database software;

    o. Email Software;

    p. Spreadsheet software, etc.;

    q. Optical Character Recognition (OCR) software;

    r. Dictionary software;

    s. Thesaurus software;

    t. Photo viewing software;

    u. Video viewing software;

    v. Music playing software;

    w. Games, etc.

5. The Laptop will be able to save Mr. Shauley's created data (i.e. documents, photos, etc.) to an external storage device for both storage and backup. (i.e. USB Hard drive, USB Thumb drive).

6. The Laptop will be able to have other programs added as required by Mr. Shauley for both personal and educational needs.

7. The Laptop will be able to access the Law Library computer network including, but not limited to;

    a. LexisNexis;

    b. Documents;

    c  Forms;

    d  Templates;

    e  Dragon Naturally Speaking software;

    f  Other resources available on the law library computers.

8. The Laptop will allow Mr. Shauley to individually adjust the setting for his ADA needs without the intervention of staff.

9. The Laptop will be loaded with usable and needed templates so that Mr. Shauley can file;

    a  Grievances;

    b  Prisoner kites;

    c  ADA Accommodations forms;

    d  Law library Assistance forms;

    e  Administrative Regulations;

    f  American Correctional Association Guidelines and regulations;

    g  Canteen forms/lists;

    h  Parole/Half-way house paperwork forms;

    i.  Any other forms needed by Prisoners.

10. The Laptop will be able to allow Mr. Shauley to submit any/all CDOC forms electronically when such services become available.

11. The Laptop will be able to allow Mr. Shauley to receive responses to any/all CDOC forms electronically when such services become available.

12. The Laptop WILL NOT be denied to Mr. Shauley based on the actions of other Prisoner's misuse of their Laptop, nor based on an unproven security threat not approved by this Court.

13. Only the Executive Director can declare that a security threat has occurred and the minimal action taken is necessary to correct the security threat, then the Court will determine if this is a valid issue, and which Prisoner's it affects.

14. The Laptop shall be compatible with and connect to the internal network within each facility.

15. The Laptop shall be compatible with and connect to any assistive technology including, but not limited to;

    a  Prisoner printer;

    b  Prisoner Brail printer;

    c  Prisoner scanner;

    d  ASR;

    e  Digital voice recorders;

    f.  Any other electronic ADA device that the Prisoner is issued for his ADA needs.

**Issue 3.**  **DENYING PRIORITY ACCESS MOVEMENT TO BLIND PRISONERS**

That CDOC be made to comply with Section 13. (Navigation) both parts a and b of the B.C.D. by

either;

1. Having a "Blind Priority" movement at least five minutes before every movement so that visually impaired Prisoners have time to get to and from places within the facility; or
2. Automatically provide an accommodation to all visually impaired Prisoners so that they may get to and from places within the facility; or
3. Both 1 and 2.

**Issue 4. LIST OF PRE-APPROVED ASSISTIVE DEVICES**

That CDOC be made to comply with Section 5 (Assistive Technology) Part (a) of the B.C.D.

1. Supply Mr. Shauley with a FREE printed copy of all Assistive Technology list that is available via the accommodation request form so that Mr. Shauley can request the correct accommodation for his disability(s).
2. Post a full and complete listing of all accommodation and the in guidelines in determining who qualifies for the accommodation on:
   a. All living units;
   b. All bulletin boards;
   c. The tablet information system;
   d. The Prisoner TV Channel information system;
   e. The Prisoner libraries;
   f. The Prisoner law Libraries computer system;

That this list be updated regularly with notification of updates to Prisoners via outlets listed. In addition, allow Mr. Shauley to choose from other items than those provided by the ADA/AIC.

That CDOC be made to comply with Section 5 (Assistive Technology) Part (c) of the B.C.D. and Supply Mr. Shauley, with a Tablet that is ADA compatible and with the following accessories as needed by the Prisoner;

**Issue 5. TABLET SCREENS TOO SMALL FOR BLIND PRISONERS**

That CDOC provide tablets with a larger screen size to visually disabled Prisoners.

**Issue 6. CANNOT MAKE PHONE CALLS ON THE TABLETS**

That CDOC Provide headphone with a microphone that are "over the ear" so that Prisoners with hearing aids can use the phone on the Tablet.

**Issue 7. TABLETS ARE NOT USABLE BY HANDICAPPED PRISONERS**

CDOC Provide the following to Mr. Shauley even if Securus does not offer the item;

1. Keyboard;
2. Touch Pen/Stylus;

3. Holding Stand (to prevent dropping and proper viewing angel);
4. HDMI cable so that the Tablet can be connected to a TV to view movies and games.

**Issue 8.**    **GETTING EBOOKS SENT IN TO PRISONERS**

That CDOC be made to comply with Section 5 (Assistive Technology) Part (d) of the B.C.D. and;

1. Allow Mr. Shauley the ability to receive audio books, eBooks, digital magazines, etc. from other sources than CTBL and Securus;
2. Allow the prison libraries to download audio books, eBooks, digital magazines, etc. to the Laptops.

**Issue 9.**    **PREFERRED FORMAT - OTHER AIDS AND SERVICES**

That CDOC be made to comply with Section 3 (Ensuring Equal Access) Part (b) of the B.C.D. and

allowing Prisoners to choose their preferred Accessible Format and other Auxiliary Aids and Services of

the Blind Prisoner.

**Issue 10.**    **SCANNER/PRINTER FOR LAPTOPS**

That CDOC be made to comply with Section 4 (Assessable Materials Made available by CDOC) Part

(b) and Section 5 (Assistive Technology) Part (b) of the B.C.D. and supply at least one type of printer and

portable scanner/reader or pen scanner/reader.

**Issue 11.**    **DIGITAL VOICE RECORDER**

That CDOC be made to comply with Section 5 (Assistive Technology) Part (b) of the B.C.D. and

supply Digital recorders to all blind Prisoners.

**Issue 12.**    **HEADPHONES ISSUED**

That CDOC be made to comply with Section 5 (Assistive Technology) Part (b) of the B.C.D. and

supply Headphones compatible with any devices provided that offer audio capability;

1. Headphones should be Bluetooth capable and;
2. Be allowed to be used on the living unit TVs;
3. Include a microphone so that it can be used with the Tablets for phone calls.

**Issue 13.**    **EDUCATIONAL BOOKS ON LAPTOPS**

That CDOC be made to comply with Section 8 (Education and Other Programming) Part (a) of the

B.C.D. and allow educational information on the Laptops for any educational classes that the Prisoner

wishes to take; including, but not limited to:

1. CDOC programs and classes;
2. CDOC college classes;

28

3. Independent study/learning courses, such as;

    a. The Kahn Academy, etc.;

    b. Any other online, offline, or downloadable, course material;

When/if a digital book cannot be loaded on to the Laptop that either the ADA/AIC or the facility printout said item in Large Print, free of charge, within seven calendar days of the submitted written request.

**Issue 14.** **EDUCATIONAL BOOKS ON AUDIO**

That CDOC be made to comply with Section 8 (Education and Other Programming) Part (a) of the B.C.D., allow educational audio books, programs, and course work on the Laptops.

**Issue 15.** **EDUCATIONAL BOOKS IN LARGE PRINT**

That CDOC be made to comply with Section 8 (Education and Other Programming) Part (a) of the B.C.D. and if the educational books requested by Mr. Shauley is unavailable in audio then to print out the book in large print for the Prisoner at no cost.

**Issue 16.** **ACCESS TO ADMINISTRATIVE REGULATIONS**

That CDOC provide access to the Administrative Regulations by:

1. Providing the Administrative Regulations on the Tablets;
2. Providing the Administrative Regulations in the Law Library;
3. Providing the Administrative Regulations on ADA laptops.

**Issue 17.** **ADA SETTINGS ON LEGAL ACCESS PROGRAM PRISONER COMPUTERS**

That CDOC be made to change the Legal Access Program rules to all access to ADA settings on the Law Library computers.

**Issue 18.** **ADA SETTINGS ON OTHER PRISONER COMPUTERS**

That CDOC be made to change the restrictions on all Prisoner accessible computer to allow access to all ADA settings.

**Issue 19.** **LARGE PRINT ITEMS PRINTED ON PAPER**

That CDOC be made to comply with Section 2 (Definitions) Part (o) of the B.C.D. and concerning Large Print when printing out items for Prisoners to view.

**Issue 20.** **LARGE PRINT ITEMS ON PRISONER TV INFORMATION CHANNELS**

That CDOC be made to comply with Section 2 (Definitions) Part (o) of the B.C.D. and concerning Large Print when posting information on all "Prisoner Information TV Channels."

**Issue 21.   OUTSIDE MEDICAL TRIPS**

That CDOC be made to comply with Section 10 (Medical Privacy) of the B.C.D. and make such Reasonable Modification that are necessary to ensure that Blind Prisoners can communicate with medical personal orally and in writing without the need for assistance from a third party whenever possible. In addition, allow Prisoner to take with them any ADA device that is needed to outside medical appointments.

**Issue 22.   COURT TRIPS**

That CDOC be made to apply Section 10 (Medical Privacy) of the B.C.D. to court trips and make such Reasonable Modification that are necessary to ensure that Blind Prisoners can communicate with attorneys and court personal orally and in writing without the need for assistance from a third party whenever possible. In addition, allow Prisoner to take with them any ADA device that is needed to outside court trips appointments.

**H. PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Nicholas L. Shauley*
(Plaintiff's signature)

Wednesday, July 23, 2025
(Date)

(Revised November 2022)

30

COLORADO DEPARTMENT OF CORRECTIONS
LEGAL ACCESS PROGRAM
## REQUEST FOR PRISONER ELECTRONIC SCANNING (PEF) | COVER PAGE

**INCOMPLETE FORMS WILL BE DENIED.**                TODAY'S DATE: **7·23·25**

LAST NAME: **SHAULEY**    FIRST INITIAL: **N**    DOC#: **56285**

FACILITY: **FCF**    HOUSING UNIT: **4**    TIER: **B**    CELL: **12**

## STATE THE TYPE OF DOCUMENT BEING SENT:

☑ 42 USC §1983 INITIAL **COMPLAINT** (FORM=6 PGS.) TOTAL PGS. BEING SENT: **30**

☐ 28 USC §1915 **INFORMA PAUPERIS 1983 COMPLAINT** (FORM=4 PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2241 **APPLICATION FOR A WRIT OF HABEAS CORPUS** (FORM=4PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2254 **APPLICATION FOR A WRIT OF HABEAS CORPUS** (FORM=6PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §2255 **APPLICATION FOR A WRIT OF HABEAS CORPUS** (FORM=5 PGS) TOTAL PGS. BEING SENT: _____

☐ 28 USC §1915 **INFORMA PAUPERIS FOR HABEAS** (FORM=2PGS) TOTAL PGS. BEING SENT: _____

☐ Other, please list document(s) here with page number for each document:

_____
_____
_____

***OFFENDER MUST PROVIDE COURT ORDER TO CURE DEFICIENCIES TO LEGAL ASSISTANT***
☐ CHECK HERE IF THIS IS AN AMENDED COMPLAINT _____
☐ CHECK HERE IF THIS IS IN RESPONSE TO CURE DEFICIENCY _____

**OFFENDER SIGNATURE** _____
*(Sign on this line)*

## DO NOT WRITE BELOW THIS LINE

Date Request Received: **JUL 2 3 2025** Facility Law Library **FCF** Legal Assistant's Initials _____
**TOTAL PAGES WITH THIS FAX, INCLUDING THIS COVER PAGE ___ 31 ___**

Your request has been **DENIED:** _____ in whole _____ in part for the following reason(s):
____Your request form was not properly completed (Missing required signature, last name, first initial, full cell location, facility, unit, tier, cell, DOC #, date, etc.)
____The material you have submitted does not meet program definitions of legal material, as described in AR 750-01.
____Your PEF request exceeds the page limit established by the Legal Access Program (see attached). Also see posted PEF policies.
____You have not submitted the documents to be scanned.
____The Legal Access Program will not allow scanning/transmission of ARs, IAs, OMs, case law, statutes, court rules, session laws, or material contained in the law library, even as attachments/exhibits (Exception for non-published case law to be attached to a pleading.)
____The Legal Access Program will not allow scanning/transmission of transcripts, electronic or paper media, including but not limited to transcripts, court records, and discovery from courts or attorneys, incomplete documents, altered documents, and/or blank forms.
____The Legal Access Program will not allow scanning/transmission of non-original documents, previously-copied/scanned documents, incoming correspondence, or documents (account statements, mittimus, etc.), grievances, COPD appeals; except as exhibits attached to an original pleading being filed with the court. Your pleading must include a statement referring to the attached exhibits in order for them to be scanned/transmitted.
____The Legal Access Program will not allow scanning/transmission of documents which have any substance on them (such as dirt, food, coffee, hair, bodily secretions, glue, tape, toothpaste, etc.
____Documents containing UCC/Sovereign citizen statements or signatures will not be allowed to be scanned/transmitted.
____You may bring your request into compliance and resubmit.
Other _____
_____

METER END: _____ MINUS (-) METER BEGIN: _____ EQUALS (=) TOTAL ADMIN COPIES: _____